the court. This is a case about a broken promise. On June 3rd, 2017, Lois Schmitt married Donald Selken. Both having been widowed years before, they had found love once again. 42 days later, Donald was killed and Lois was catastrophically injured when they were hit head-on by a drunk driver on a one-lane bridge in a Lois lost her husband, she lost a leg, and she suffered a broken neck. Her past medical expenses totaled nearly $900,000 and her future medical expenses have been estimated to exceed over a million dollars. Lois paid Meridian money for a policy of car insurance that provided an underinsured motorist endorsement that allowed for up to $500,000 in coverage for the exact situation that she finds herself in now. Meridian promised to pay Lois underinsured motorist benefits in the event that her damages exceeded a torque feesers liability limits. Meridian now seeks to break that promise. The central issue for this court to decide today is whether or not Lois Schmitt Selken has coverage for underinsured motorist benefits under her policy of insurance. The district court erred in granting Meridian's request for declaratory judgment and finding the insurance policy at issue here unambiguously excluded underinsured motorist coverage. The district court also erred in this case by failing to follow well-established Iowa law that insurance policies are to be read in the light most favorable to the insured and to be construed strictly against the insurer. This court should reverse the court below and hold that the exclusion at issue is ambiguous. Under Iowa law the exclusion must be clear and explicit in its meaning. The exclusion here is not clear and explicit in its meaning because it can be interpreted to have two separate meanings. It's therefore by definition ambiguous. Moreover insurance policies are to be construed strictly against the insurer and read in light most favorable to the insured and when done so in this case it's clear that Lois's claim for underinsured motorist benefits should not be barred. Coverage exists in this case because the own but not insured exclusion that Meridian relies upon in support of excluding coverage is ambiguous. It's ambiguous because when the definition of the word you set forth in the policy is placed within the exclusion it can be interpreted to either provide coverage or to deny it. The district court actually acknowledged in its memorandum opinion and order that quote it could be argued that the own but not insured exclusion at issue here applies only to vehicles owned by both the named insured and her spouse end quote. The court went further and stated as in Jensen versus Jefferson County Mutual Insurance Company the word you is defined as the insured and her spouse not the insured or her spouse. Despite the holding in Jensen and despite making a finding of fact that the policy at issue like the policy in Jensen defines the word you to include the insured and her spouse not the insured or her spouse the magistrate judge opined that because the definition included separate numbered paragraphs it was really two separate definitions not one definition and therefore each separate definition should be inserted separately rather than together when considering the exclusion and when done so it makes it unambiguous. This is tortured logic. It's First of all there is only one definition of the word you in the policy. The word used by Meridian in their definition to connect the two numbered sentences was the word and not a word. It's strange logic to believe that somehow the word and gets changed to mean the word or simply by numbering sentences. Secondly and more importantly the word and that Meridian chose to use is a conjunctive term. It joins two words or phrases. This makes it clear that is one single definition not separate definitions. Conversely the word or is disjunctive. It separates two words or phrases. Meridian by using the word and instead of or and by numbering the paragraphs created this ambiguity. Meridian could have been clear and explicit in its definition by simply using the disjunctive word or. Had they done so we wouldn't be here today. Despite the definition having separate numbered paragraphs the lower court in its memorandum opinion specifically acknowledged that there was an ambiguity in the definition when it stated quote it could be argued that the owned but not insured exclusion at issue here applies only to vehicles owned by both the named insured and her spouse end quote. Ambiguous policy provisions are to be interpreted against the insurer the party that chose the language. If a word can be interpreted to have two meanings then the one favoring insured under Iowa law must be adopted. Like the definition of the word I dare say you can find exceptions to that categorical assertion in Iowa cases. The North Star mutual insurance case which is a Supreme Court case out of Iowa in 1987 402 Northwest 2nd. There's dicta in every state that has that kind of go against that on close scrutiny. See what bothers me here what what interests of me here in terms of trying to make sense out of the policy is that the definition is to be applied policy-wide and it strikes me that there may be in various provisions and exclusions and supplemental coverages there there what it mean may may logically be be different. Have you researched it? Have you gone beyond the textual argument that insure that lawyers in these cases always begin and end the analysis with and have you looked at whether there are cases that have and raised or dealt with the question of whether a policy-wide definition of this kind perhaps should be construed differently in different provisions? No and in fact your honor I would I would argue that they would not be construed differently in separate definitions. For example in this particular instance the medical payments coverage portion of this policy applies the same definition of the word you in in the definition of the word you as it as it applies in the underinsured motorist exclusion also. I think that I think the hacker case in Ohio illustrates illustrates the problem. That was an owned vehicle. That was a life exclusion that was a liability insurance policy yes yes yes and there and there you had it's different than a known but not insured. That's one reason why that particular opinion is distinguishable. It's also distinguishable from the case at bar because hacker is an Ohio Supreme Court case that is persuasive authority at best. Doesn't make it distinguishable counsel that just means it's not controlling. I understand that but the reason that hacker is distinguishable from the case at bar is for the reason that I stated in the textual argument as you called it. I believe the hacker court got it wrong. They got it wrong because the term that's used by Meridian and is a conjunctive term it is not disjunctive and therefore the definitions have to be one sentence not two and when read as one it would require that Donald Selkin and Lois Schmidt Selkin own the car that they were in at the same time in order to exclude coverage and that's simply not the case here. In fact the magistrate judge even in her memorandum opinion said that this is a close issue. Well in fact if it's a close issue that is exactly why Iowa law says that the term must be viewed in the light most favorable to the insured and against strictly construed against the insurer. That's when that's done in this case obviously since Lois and Donald did not own the car jointly that she was in when she suffered her injuries the exclusion at issue would not bar coverage. So I what I what I heard in response to Judge Loken's question and your subsequent explanation that went right back to the textual argument is that when hacker interpreted identical language it's not really distinguishable it's just wrongly decided because you didn't really distinguish the facts of the case and because languages is virtually identical along with the punctuation. I agree with that your honor I absolutely agree with that. The language the language is identical. And of course the facts don't really matter at that point we're just really looking at what what is it ambiguous what does it say and and you just your position is hackers just wrongly decided. Right I don't believe the arguments that that are being made in this case with respect to the actual usage of the word and versus the word of or I don't know whether that was raised in the the hacker case or not. It's clear in this case that even the magistrate judge believed that this was a close issue and also found that under the Jensen case which is controlling that the definition here as in Jensen that Meridian is basically arguing that the word and means or when that is not clear and explicit it wasn't written that way. The your honors this is your chance to clear up the confusion this is your chance to give Meridian a roadmap for the future by holding the definition of the word and as used in the the policy doesn't mean or you will you would give them a roadmap that would fix the problem. Other litigants would not have to come in and argue about what this policy provision actually means. I think really what hacker stands for is that average consumers like Lois are confused about the policy language that was chosen by the insurance company because they did use a conjunctive term instead of a disjunctive one and so what hacker really stands for is that this policy language is not clear and explicit in its meaning and in fact it's being litigated all over the states. This is your chance to clear up that ambiguity and we would ask that this court reverse. You're saying this this you're saying this issue is being litigated all over the place? I'm saying at least obviously in the Hacker case in Ohio and clearly in this case. Wait a minute, but hacker hacker was not it was not an uninsured underinsured motorist case. No it's a lot it has a liability clause but the debt as your honor pointed out the language is exactly the same in terms of the definition that's used. It's just applied in a separate portion of the policy. But you said all over the place. I didn't see either lawyer cite cite another OB&I case raising this issue. As far as an own but not insured exclusion case your honor I know of no other case other than this one. We would ask that the court reverse the memorandum opinion and order granting Meridian's request for declaratory relief and remand this case with instructions that judgment be entered in favor of Lois Waukee. May it please the court I am Jason Waukee here on behalf of the plaintiff of Pele Meridian and I'm here of course to respectfully ask that the court uphold the decision of Judge Mahoney. As I was preparing for the case today and reading the innumerable insurance cases that are out there I came across the case called Dusseldorf versus Continental Casualty Company that it had a passage that I that I appreciated. It said insurance policies should be read and understood according to the natural and obvious import of the language without resorting to subtle and forced construction for purposes of either limiting or extending their operation. That was language from a South Dakota case but it said the same thing that Iowa cases say and it seems to be that what it says is that in reading insurance policies which are by their very nature long and complicated documents we should take care to not make them more complicated than they are. Close is not ambiguous. Disagreement about language is not ambiguous. Insurance policies should be read in their totality. They must be read in the context they arose and they must be read according to the intent of the parties at the time of their execution. With that in mind there can be no doubt that when Ms. Schmidt purchased the policy from Meridian at issue she had no expectation that it would provide coverage for damages arising out of an accident that did not involve her insured vehicle and instead involved a vehicle owned by a man that she would later marry and that when they got married... Now wait a minute counsel, you're going down the path that I was thinking about but I can't I can't agree with what you said. She was buying coverage it would have applied if she if she'd ridden in her neighbor's car right? Arguably depending on the factual circumstances of course that's always the answer. Yeah it had to be an underinsured motorist. What I think is... It had to be an underinsured motorist vehicle that caused her the bodily injury but I thought the Iowa cases were clear that this coverage follows the person not the car. That language does exist and as you've observed there are so many insurance cases that say so many things sure there is that language. Do you think that's wrong? No but what I but I don't think it's the only thing that's the only principle that applies. In response to that particular issue judge I would respectfully direct you to an Eighth Circuit case called Leffler versus General Casualty and that talks about... It is and it talks about the fact that yes while there is this principle out there that insurance travels with the person that doesn't trump the provision the just as applicable idea in Iowa law that own but not insured clauses can be inserted can be put in underinsured clauses to avoid a potential duplication of coverage. That case from this court specifically spoke to that very issue. I believe it's headnote 5 when you go to look at it and it's a great case that provides a good overview of Iowa's case law on owned but not insured and it speaks to the specific issue judge that you just asked about. Returning to what I was saying about... Now wait wait wait wait wait. There's no there's no threat of duplicated coverage here or duplicate or double recovery. Well first of all the case law in Iowa is clear that all that has to be is a potential duplication of coverage. It doesn't have to be an actual... You know that's that's absurd. I mean that assertion is absurd. I'm sorry but but she she didn't get enough underinsured motorist coverage to beat her damages right? There's there's no there's no way this is this is duplicative coverage. Well again with all due respect the case law does say that it's a potential duplication that can be avoided and and I think that question has not yet been answered. The reality of what's going on here with all due respect to my opposing counsel is that she's making claims for millions of dollars against other defendants. I mean the idea that she may not be adequately compensated is far from answered at this point your honor. There are pending claims against the dram shop, against the road construction company, against the lighting subcontractor. So I think the answer to your question is first of all Lois Schmidt did suffer a large loss. She did. Whether or not... Let me just take you where I was thinking this maybe should end up and that is if this is coverage that follows the person, not the car, then the interpretation of this policy-wide definition as provision of the policy to the name insured. I'm not following your question. Well if she had been riding in a relative's car who wasn't her spouse and suffered this injury, there would be coverage. The OB&I exclusion would not apply. It's only because she was traveling with her spouse and because of the and in this particular policy-wide definition that she's excluded for a coverage that's supposed to be linked to her and because it's the under-insured car that inflicts the damage, not the car she was riding in. I would say in your hypothetical judge, yes, the OB&I exclusion would apply. But if I might add this, Mr. Byerly spent a great deal of time talking about the word and. Well the word and in the language talking about what you can refer to is not the only thing you need to focus on. The word if is tremendously important in that second stanza of that language because it modifies the word and. It's not just the named insured and their spouse. It's the named insured and their spouse if they're residents of the same household. And that is another example of how that language, as Judge Mahoney correctly found, sets up alternatives on either or situation. The word you can refer to either the named insured and their spouse if they live together. So it's not simply a matter of saying well they should have put or in between those two. The totality of the language, if you look at it, and this is exactly what the Hacker case said, read the language. It is clearly and unambiguously designed to set up exactly what it does and that is alternatives. It could either be the named insured, you could either be the named insured, or it could be the named insured and their spouse if they're residents of the same household. So I hope that answers your question. One point that I think is important to make, and again I don't mean to gloss over the fact that Ms. Schmidt suffered a loss. Clearly she did. But one of the things that I think is important to acknowledge, and it's in the record before you, is that Ms. Schmidt and Mr. Selkin, before he passed, they made a conscious decision to keep their insurance separate. That wasn't an accident. They consciously decided to keep it separate. What's your supporting evidence for that? The conscious decision. If they had just gotten married, they hadn't gotten around to straightening out all their affairs. No, if you'll look in the record, your honor, I believe at appendix page 78 through 80, I took an examination under oath of Ms. Schmidt relatively shortly after the accident, before this declaratory judgment had been filed. And that specific concept was discussed. And she made it clear, and I'm sure you'll reference the record yourself, but I don't think I'm stretching it to say that she made it clear that she and Donald made a conscious decision to keep their insurance separate. And there's, I believe, good language in the Iowa cases, and I believe specifically in Leffler again, that talks about in that but simply because that decision was made by the insured, they're the one that made that decision and that lives with the consequences or deals with the consequences of the level of underinsured coverage that they chose to have. We've obviously talked, or Mr. Byerly spoke, about the issue of the word you and the issue of the word and. It's interesting that we're here about two, three letter words that are fairly common. I think if you look at the Jones case, it really, the entirety of the argument at this point by opposition, it hinges on the Jones case and its treatment of the word you. As Judge Mahoney correctly noted, and as the Dickman or the Hacker case correctly found, the only really logical way to read that language is that it sets up alternatives. It's, as I said, it's an either-or situation. You can refer either to the name insured alone or the name insured and their spouse if they live together. And the fact is that in Jones, the language was different. Of course it was talking about generally speaking the same thing, but it wasn't the same language, and it was markedly different. First of all, it had the two numbered stanzas. Those have to mean something. We can't read policies in a way that just ignores those, and I think that's part of what Judge Mahoney correctly pointed out, quite frankly, in her ruling. The second thing has to do with the fact that the Jones case does say that you and your mean this, and the language in this case says you and your refer to. I'm not here to get into an esoteric dispute about whether or not that means it's a definition or not, but it is different. There is a difference in that language between what's in this policy and what was in the Jones policy, and again I think it's further support for the fact that when you read this policy objectively, when you read it according to the intent of the parties when they entered into it, it's clear that the word you can refer to one of two things, and that's the gist or the nut of what Judge Mahoney determined. The word, I think it also bears mentioning, and I brought this up in the brief, the use of the word any in the exclusionary language here I think is important. There's ample Iowa case law that demonstrates that the use of the word any connotes a clear indication of a particular language in the own but not insured exclusion. The word any is used to describe both who the exclusion applies to, any insured, and what the exclusion applies to, any vehicle owned by you which is not insured under this policy. Again, that repeated use of the word any is additional support and additional demonstration for the propriety of what Judge Mahoney ruled in this situation. I think one thing that bears mentioning, of course, is this idea that Mr. Byerly has identified what he thinks is an ambiguity in the policy. What I would point out, and as is evidenced by the history in this case, and I think Judge Loken, this goes a little bit to a comment that you made earlier, it's really not an exaggeration to say that in the hands of a capable attorney just about any word could arguably be said to have two meanings or any phrase. If the standard is can a lawyer motivated by a desire to represent their client, can they come up with a way to say that language is less than clear? If that's the standard, then it's going to be difficult to conceptualize a situation where insurance policies wouldn't be ambiguous. I think an example of that is that in this case, if you'll read the underlying briefs, opposing counsel goes in their initial brief at the district court level from arguing that the word you cannot include Donald Selkin. That was the entirety of their argument in their first brief before the district court, is that the word you cannot be read as including Donald Selkin. Well, once Judge Mahoney pointed out the Jensen case, they did a complete 180, and they argued that no, no, no, now you have to read the word you to include Mr. Selkin and Ms. Selkin, and I bring that up only as an example of the reality that lawyers disagreeing about policy language is not the standard. The standard is whether or not read in the totality of the policy and objectively speaking, the language is reasonably susceptible to more than one meaning, and that's why I think the Hickman or the Dickman case from Ohio, which of course isn't controlling on this court any more than it was controlling on Judge Mahoney, but it speaks to exactly the same policy language, and I think if you read it carefully, it speaks to exactly the same argument, exactly the same argument that's being made here. If you read the last two or three cases, you can see the argument about the use of the word and in that policy, and it said, no, when you read this policy language with two separately numbered stanzas and the word if in the second part of it, it's clear that it was setting up an either or situation. You could refer either to the named insured alone or, as it did in this situation, to the named insured and their resident spouse. So for all of those reasons and the others that are detailed in our brief, it's respectfully submitted that Judge Mahoney's opinion should be upheld. Thank you. Thank you. I see you have a minute for rebuttal. Very briefly, Your Honor. I do agree with Mr. Waukee on one thing. Insurance policies should be read in their clear and explicit terms, and that's really the problem, and that's why we're here today. The policy definition is not clear and could have made it clear and explicit if they had simply used the proper word or instead of and. I think Judge Loken, your point also is correct. This case is different than the Hacker case in that this case does involve underinsured motorist benefits. Hacker did not. Hacker involved the liability portion of the policy, and that's important, and it's important because under Iowa law, underinsured motorist benefits flow with the person. They travel with the person. They don't travel with the automobile. To show the the unreasonableness of this particular policy, Mr. Waukee is correct that throughout the policy where it's defined as you or your, the named insurance shown in the declarations and the spouse, if a resident of the same household, if Lois Schmidt Selkin and Donald Selkin had decided to not be residents of the same household after becoming married, ostensibly there wouldn't be no exclusion of underinsured motorist benefits despite Lois being injured in her husband's car because they weren't residents of the same household. That's a perverse result. I see that my my time has expired, your honors. Thank you for your time and attention. Thank you. Thank you, counsel. The case has been well-briefed and argued. Interesting issue, important to these parties, obviously, and we will take it under fire.